UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KERRI SANDEFUR, | § § § | |
| PLAINTIFF | § § | |
| v. | § § § | Civil Action No.  5:19-cv-147 |
| PHILLIP GALYEN, P.C. D/B/A BAILEY & GALYEN, AND PHILLIP GALYEN, INDIVIDUALLY, | § § § § § § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Kerri Sandefur ("Plaintiff" or "Sandefur") and brings this Fair Labor Standards Act ("FLSA") suit against Phillip Galyen, P.C. D/B/A Bailey & Galyen and Phillip Galyen, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, she respectfully shows as follows:

### I.     PRELIMINARY STATEMENT

1.1     Plaintiff was formerly employed by Defendants as a non-exempt accounts payable clerk.

1.2      Plaintiff brings this suit to recover unpaid overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times her regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants as Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant Phillip Galyen, P.C. D/B/A Bailey & Galyen is located in and does business in San Antonio.  Inasmuch as Defendant Phillip Galyen, P.C. D/B/A Bailey & Galyen is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant Phillip Galyen, P.C. D/B/A Bailey & Galyen resides in this district and division.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## III.     FLSA COVERAGE

3.1.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

3.2     At all relevant times, Defendants had gross operating revenue in excess of $500,000.00.

3.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

3.4     At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

3.5    At all relevant times, Defendants have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

3.6    At all relevant times, Plaintiff was individually engaged in interstate commerce while performing her job duties for Defendants.

3.7    At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## IV.    FACTUAL ALLEGATIONS

4.1    Defendants operate a full-service law firm in a number of different cities throughout Texas, including San Antonio, Texas.

4.2    Defendant Phillip Galyen is the President and CEO of Phillip Galyen, P.C. D/B/A Bailey & Galyen.

4.3    In addition to being President and CEO of Phillip Galyen, P.C. D/B/A Bailey & Galyen, Phillip Galyen also independently exercised control over the terms and conditions of Plaintiff's employment.

4.4    Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., determined the wages to be paid to Plaintiff.

4.5    Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., determined the work to be performed by Plaintiff.

4.6    Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., determined the hours to be worked by Plaintiff.

4.7    Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., determined the conditions of employment for Plaintiff.

4.8     Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., maintained employment records on Plaintiff.

4.9     Phillip Galyen, acting directly in the interest of Phillip Galyen, P.C., maintained the power to hire, fire, and discipline Plaintiff.

4.10    Plaintiff was employed by Defendants during the three-year period preceding the filing of this Complaint.

4.11    As a part of their operations, Defendants employed Plaintiff as an accounts payable clerk.

4.12    Plaintiff was non-exempt employee under the FLSA.

4.13    Plaintiff consistently worked in excess of forty hours per week.

4.14    Although Plaintiff worked more than forty hours per week, she was not compensated for overtime hours at one and one-half times her appropriate regular rate.

4.15    As a non-exempt employee, Plaintiff was entitled to an overtime premium for all hours worked in excess of forty in a workweek.

4.16    Accordingly, Defendants' practice of failing to pay overtime compensation is a clear violation of the FLSA.

4.17    At all times relevant to this action, Plaintiff's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of its customers.

4.18    At all times relevant to this action, Plaintiff's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

4.19    Plaintiff did not direct the work of two or more employees at any time during her employment with Defendants.

4.20    Plaintiff did not have the authority to hire or fire other employees at any time during her employment with Defendants.

4.21    Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight at any time during her employment with Defendants.

4.22    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

## V.    CAUSE OF ACTION:  VIOLATIONS OF FLSA
### Failure to Pay Overtime Wages

5.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

5.2    Plaintiff is entitled to an overtime premium for all hours in excess of forty worked during each seven-day workweek.

5.3    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime compensation at a rate of one and one-half times her appropriate regular rate.

5.4    During Plaintiff's employment, Plaintiff routinely worked in excess of forty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendants have failed to pay Plaintiff overtime premiums for such hours.

5.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

5.6    Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including

expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kerrie Sandefur respectfully prays that Defendants Phillip Galyen, P.C. D/B/A Bailey & Galyen and Phillip Galyen, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover as set forth below, with Defendants being held jointly and severally liable for the following:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.    For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Plaintiff attorneys' fees;

    d.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

    f.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By:  */s/ Douglas B. Welmaker*
       Douglas B. Welmaker
       Texas State Bar No. 00788641
       doug@morelandlaw.com